IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JULIAN KISER, | ) | CASE NO. 3:18-cv-02347 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Petitioner Julian Kiser ("Petitioner" or "Kiser"), proceeding pro se, filed this habeas corpus action on October 9, 2018.[1] Doc. 1. Kiser initially filed his habeas petition under 28 U.S.C. § 2241, asking, however, that his action be converted to one under 28 U.S.C. § 2254 if Section 2241 was not "the appropriate vehicle." Doc. 1, Doc. 1-1, Doc. 2. On January 18, 2019, the Court ordered Kiser to file an amended petition under 28 U.S.C. § 2254 since he was challenging his state court conviction. Doc. 2. Pursuant to that order, on February 25, 2019, Kiser filed an Amended Petition under Section 2254. Doc. 3. In his Amended Petition, Kiser challenges the constitutionality of his convictions and sentence in *State of Ohio v. Julian Kiser*, Case No. 13-CR-976 (Sandusky County). Doc. 3.

Following multiple appeals and two jury trials, Kiser's conviction of one count of trafficking in cocaine in violation of O.R.C. § 2925.03(A)(1), with a major-drug offender specification under O.R.C. § 2925.03(C)(4)(g), was affirmed. Doc. 6-1, pp. 192-201, 212. He was sentenced to ten years in prison. Doc. 6-1, pp. 194, 213.

---

[1] Kiser states in his petition that he placed it in the prison mail system on September 20, 2018. Doc. 1, p. 8. Thus, his petition is deemed filed as of September 20, 2018. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)) ("Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts.").

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that the Court **DISMISS** and/or **DENY** Kiser's Amended Petition.

## I.  Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Sixth District Court of Appeals summarized the facts underlying Kiser's conviction as follows:

> {¶ 3} The facts from the trial revealed that in October 2013, T.K. was employed by the PLE Group to go undercover at an auto parts factory to ferret out suspected drug activity occurring at the factory. During the course of his work, T.K. befriended C.P., who at the time also worked at the factory. T.K. asked C.P. if he knew anyone that sold cocaine. Thereafter, T.K. and C.P. constructed a plan to purchase five ounces of cocaine, or approximately 140 grams, and then cut it to sell at a profit. C.P. arranged a purchase with appellant.
>
> {¶ 4} On October 11, 2013, C.P. and T.K. drove to appellant's apartment. Appellant told them to wait outside. A few minutes later, appellant returned with a sandwich bag carrying what was described as a white powdery substance. C.P. and T.K. entered appellant's apartment and observed appellant place the bag on a digital scale in his kitchen. C.P. and T.K. testified that the weight of the bag was between 140 and 150 grams. T.K. then stated that he had to go to the bank to withdraw the $7,000 for the purchase, and he left. Upon leaving, T.K. called the police.
>
> {¶ 5} Notably, no drugs were entered into evidence, nor was a lab report detailing the composition of the white powdery substance entered into evidence. This was a result of our determination in a prior appeal that the search and seizure of the drugs was unconstitutional. *See State v. Kiser*, 6th Dist. Sandusky No. S–14–024, 2015–Ohio–3076.
>
> {¶ 6} After the evidence was presented, the jury returned with a verdict of guilty on the count of offering to sell cocaine. The jury further found that the amount of the substance represented to be cocaine was more than 100 grams.

{¶ 7} At sentencing, appellant was ordered to serve ten years in prison.

{¶ 8} On appeal to this court, appellant argued that the testimony, which only identified the item produced by appellant as a white, powdery substance and neither identified the substance as cocaine nor commented on its purity, was insufficient to support the jury's finding that appellant was a major drug offender under R.C. 2925.03(C)(4)(g) . . .

* * *

{¶ 15} In our original decision, we held that, unlike *Garr*, this was not a properly proven case. Because our holdings in *Gonzales* and *Sanchez* required that the amount of actual cocaine exceed the statutory threshold, and there was no testimony regarding the purity of the cocaine or the typical percentage composition of purchased cocaine, we concluded that the jury's finding that the amount of the purported drug in question exceeded 100 grams was pure speculation and was not supported by sufficient evidence. Therefore, we reversed and vacated the major drug offender specification.

{¶ 16} The state appealed this court's decision to the Supreme Court of Ohio, which accepted the case for review. The Supreme Court of Ohio then reversed, and remanded the matter to our court for application of its decision in *State v. Gonzales*, Slip Opinion No. 2017–Ohio–777 . . .

* * *

{¶ 20} Here, the testimony established that C.P. and appellant had a conversation wherein appellant indicated that he could get cocaine for C.P. They then discussed a price for the cocaine. C.P. and T.K. later arrived at appellant's apartment to complete the sale, at which time appellant presented a bag of a white, powdery substance that weighed between 140 and 150 grams. Analogous to *Garr*, because appellant offered to sell cocaine, and produced a substance weighing over 100 grams, we hold that a rational trier of fact could have found the essential elements under R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt. Therefore, we hold that the jury's finding that appellant is a major drug offender under R.C. 2925.03(C)(4)(g) is not based on insufficient evidence.

*State v. Kiser*, 2017-Ohio-7799, ¶¶3-7, 15-16, 20, 2017 WL 4232583 (Ohio Ct. App. Sept. 22, 2017); *see also* Doc. 6-1, pp. 193-194, 198, 200.

## II. Procedural Background

### A. State conviction

On November 21, 2013, the Sandusky County Grand Jury indicted Kiser on one count of trafficking in cocaine in violation of O.R.C. § 2925.03(A)(1)(C)(4)(g), a first degree felony, with a major drug offender ("MDO") specification and one count of possession of cocaine in violation of O.R.C. § 2925.11(A)(C)(4)(f), a first degree felony, with an MDO specification. Doc. 6-1, pp. 4-6. Kiser, through trial counsel, filed a motion to suppress evidence, challenging the veracity and reliability of the affidavit upon which the search warrant was obtained. Doc. 6-1, pp. 7-22. The State opposed the motion (Doc. 6-1, pp. 23-26) and Kiser filed a response (Doc. 6-1, pp. 27-42). On April 3, 2014, the trial court denied Kiser's motion to suppress. Doc. 6-1, pp. 43-45. Following a jury trial, Kiser was found guilty of both counts, with the MDO specifications. Doc. 6-1, pp. 46-48. That trial court found that the possession of cocaine offense was an allied offense of similar import and the State elected for Kiser to be sentenced under the trafficking in cocaine count. Doc. 6-1, p. 46. Thus, the two counts merged for sentencing purposes and the trial court sentenced Kiser to 11 years in prison. *Id.* No fine was assessed. *Id.* The sentencing judgment entry was journalized on May 14, 2014. Doc. 6-1, pp. 46-48.

### B. Direct appeal

On May 29, 2014, Kiser, through his trial counsel, filed a notice of appeal with the Sixth District Court of Appeals from the decisions entered on May 14, 2014, and April 3, 2014. Doc. 6-1, pp. 49-55. In his appellate brief filed on September 22, 2014, (Doc. 6-1, pp. 56-71), Kiser raised the following assignment of error:

> 1. The Trial Court erred in denying Appellant's Motion to Suppress, as the evidence and objects seized after the illegal search were violations of the

> Appellant's rights under Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution. Specifically, the search warrant affidavit did not contain the requisite reliability of the CI, nor did sufficient probable cause exist for issuance of the warrant.

Doc. 6-1, pp. 59, 61-66. The State filed its appellate brief on October 27, 2014. Doc. 6-1, pp. 72-81. On November 6, 2014, Kiser filed a reply brief. Doc. 6-1, pp. 82-87. On July 31, 2015, the Sixth District Court of Appeals found that the affidavit in support of the search warrant was insufficient and reversed and remanded the matter for proceedings consistent with its decision. Doc. 6-1, pp. 88-97.

**C. Second trial**

After the Sixth District Court of Appeals remanded the matter to the trial court, prior to the commencement of a second jury trial, on October 28, 2015, Kiser filed a motion in limine to exclude identification of substance; weight of substance and specifications therewith. Doc. 6-1, pp. 98-128. On November 5, 2015, the trial court heard oral arguments on the motion in limine before the jury trial commenced and overruled the motion. Doc. 6-1, pp. 278-286. Also, prior to the start of the trial, the State moved to amend Count 1, the trafficking in cocaine count, and moved to dismiss Count 2, the possession of cocaine count. Doc. 6-1, pp. 277-278. Thereafter, the second jury trial commenced. Doc. 6-1, pp. 302-544. The jury found Kiser guilty of the charge of offering to sell cocaine and found the amount of the substance represented to be cocaine to be more than 100 grams. Doc. 6-1, p. 543. The trial court proceeded with sentencing and sentenced Kiser to 10 years in prison. Doc. 6-1, pp. 129-130, 545-554. The sentencing judgment entry was journalized on November 6, 2015. Doc. 6-1, p. 129.

**D. Second direct appeal**

On December 4, 2015, Kiser, through his trial counsel, filed a notice of appeal with the Sixth District Court of Appeals from the judgment entry journalized on November 6, 2015. Doc. 6-1, pp. 131-135. In his appellate brief filed on March 3, 2016, (Doc. 6-1, pp. 136-146), Kiser raised the following assignment of error:

1. The Trial Court erred in denying Appellant's Motion in Limine regarding the weight of the substance and the specifications therewith, as there was no admissible evidence in the case as to the weight of actual cocaine involved. The Trial Court erred by allowing the jury to consider the weight of the substance, alleged to be cocaine, purely on an offer to sell a certain amount, greater than 100 grams, without the weight of any actual cocaine admitted at Trial.

Doc. 6-1, pp. 139, 142-145. The State filed its appellate brief on April 7, 2016. Doc. 6-1, pp. pp. 147-151. On April 20, 2016, Kiser filed a reply brief. Doc. 6-1, pp. 152-158. On October 14, 2016, the Sixth District Court of Appeals rendered its decision. Doc. 6-1, pp. 159-168. The court found that the trial court did not err in denying Kiser's motion in limine. Doc. 6-1, p. 162, ¶ 10. However, the court also found that "the jury's finding that the amount of the purported drug in question exceeded 100 grams [was] not supported by sufficient evidence." Doc. 6-1, p. 167, ¶ 19. Thus, the court held that the "major drug offender specification must be reversed and vacated." Doc. 6-1, p. 167, ¶ 19.

On November 23, 2016, the State appealed the decision to the Supreme Court of Ohio. Doc. 6-1, pp. 169-171. In its memorandum in support of jurisdiction, the State raised the following two propositions of law:

1. In a prosecution under R.C. 2925.03(C)((4) for selling or offering to sell cocaine, the quantity-based enhancements apply based on the gross weight of the substance sold or on the quantity discussed in the offer, and the State need not conduct, or admit the results of a "purity test" to show the weight

6

>   of actual cocaine without any impurities.  The offense levels in R.C. 2925.03(C)(4)(c)-(g) are determined by the weight of the substance offered for sale and represented to be cocaine.
>
> 2.  In a prosecution under R.C. 2925.03(C)(4) for offering to sell cocaine, the State is not required to prove that the weight of actual cocaine offered for sale, exclusive of filler materials, meets the statutory threshold.  The offense levels in R.C. 2925.03(C)(4)(c)-(g) are determined by the weight of the substance offered for sale and represented to be cocaine.

Doc. 6-1, pp. 173, 185-188.  On July 5, 2017, the Supreme Court of Ohio accepted the appeal and reversed and remanded the case to the court of appeals for application of *State v. Gonzalez*, __Ohio St.3d___, 2017-Ohio-777.  Doc. 6-1, p. 191.  In the *Gonzales* case, the Supreme Court of Ohio held that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *State v. Gonzales*, 150 Ohio St. 3d 276, 277 (2017).  The decision reversed the Sixth District Court of Appeals' decision in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, a case that the court of appeals had relied upon in reaching its decision to reverse and vacate the MDO specification in Kiser's case.  Doc. 6-1, p. 198, ¶ 16.

On remand, on September 22, 2017, the Sixth District Court of Appeals reexamined whether the jury's finding regarding the MDO specification was based on insufficient evidence.  Doc. 6-1, p. 199, ¶ 17.  The court concluded:

> {¶ 20} Here, the testimony established that C.P. and appellant had a conversation wherein appellant indicated that he could get cocaine for C.P. They then discussed a price for the cocaine. C.P. and T.K. later arrived at appellant's apartment to complete the sale, at which time appellant presented a bag of a white, powdery substance that weighed between 140 and 150 grams. Analogous to *Garr*, because appellant offered to sell cocaine, and produced a substance weighing over 100 grams, we hold that a rational trier of fact could have found the essential elements under R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt. Therefore, we hold that the jury's finding that appellant is a major drug offender under R.C. 2925.03(C)(4)(g) is not based on insufficient evidence.

7

*Kiser*, 2017-Ohio-7799, ¶ 20; *see also* Doc. 6-1, p. 200. Thus, the court found Kiser's assignment of error not well-taken and affirmed the judgment of the trial court. *Kiser*, 2017-Ohio-7799, ¶¶ 20-21; *see also* Doc. 6-1, p. 200.

On November 6, 2017, Kiser, through counsel, filed a notice of appeal with the Supreme Court of Ohio. Doc. 6-1, pp. 202-203. In his memorandum in support of jurisdiction (Doc. 6-1, pp. 204-211, Kiser raised the following proposition of law:

> 1. Without testing the evidence, a conviction for a major drug specification cannot stand when the state has the evidence in its possession.

Doc. 6-1, pp. 205, 209-211. On March 14, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. Doc. 6-1, p. 212.

### E. Proceedings after court of appeals' affirmance of the judgment

After the court of appeals affirmed Kiser's conviction, on September 29, 2017, the trial court resentenced Kiser, imposing the original 10-year prison sentence. Doc. 6-1, pp. 213-214. The trial court also imposed a $10,000.00 fine. Doc. 6-1, p. 213. The resentencing judgment entry was journalized on October 2, 2017. Doc. 6-1, p. 213.

On October 17, 2017, Kiser, acting pro se, filed a notice of appeal from the trial court's resentencing (C.A. Number: 17CAS47). Doc. 6-1, pp. 215-220. On November 21, 2017, Kiser, through counsel, filed an Amended Notice of Appeal. Doc. 6-1, pp. 221-225. On February 7, 2018, Kiser's counsel filed an *Anders* brief, asserting that no errors were alleged to have occurred at the trial court and requesting permission to withdraw as counsel. Doc. 6-1, pp. 226-241. On November 6, 2018, the Sixth District Court of Appeals issued a decision and judgment dismissing counsel and appointing different appellate counsel. Doc. 6-1, pp. 242-244. The appellate court found that appellate counsel had failed to reference any part of the record that might arguably support the appeal as required by the court's local rules and dismissed counsel

8

because he did not comply with the *Anders* requirements.  Doc. 6-1, p. 243.  Newly appointed counsel filed Kiser's appellate brief on January 24, 2019.  Doc. 6-1, pp. 245-252.  The following assignment of error was raised:

1. It was error for the trial court to impose a fine in this case.

Doc. 6-1, pp. 248, 250.  On February 13, 2019, the State filed its appellate brief.  Doc. 6-1, pp. 253-261.  On May 6, 2019, Kiser, through his counsel, filed an amended brief.  Doc. 6-1, pp. 262-271.  The amended brief raised the same assignment of error as raised in the original appellate brief.  Doc. 6-1, pp. 265, 267.

At the time Respondent filed his return of writ, the appeal regarding the imposition of a fine remained pending.  Doc. 6, p. 7.  Although the appeal remained pending, Respondent noted that the only issue raised in the appeal related to an issue of state law, i.e., imposition of a fine. Doc. 6, pp. 7-8, n. 1.  Further, Respondent argued that the state court litigation of the only claim presented in Kiser's federal petition was complete.  *Id.*  Even if the appeal regarding imposition of a fine remained at the time of the filing of the return of writ, on October 19, 2020, Kiser filed a notice of exhaustion of state remedies.  Doc. 9.  Additionally, a review of the online court docket[2] reveals that Kiser was successful in vacating the fine.  *See* http://lcapps.co.lucas.oh.us/coa/Decisions.aspx ("search for 'Kiser'" (Decision Date 9/6/2019, S-17-047)).

**F. Federal habeas corpus**

In his Amended Petition, Kiser raises one ground for relief:

> **GROUND ONE**: Insufficient evidence to support conviction and spec in violation of the 5th and 14th Amendments.

---

[2] *See* Fed. R. Evid. 201(b)(2) (allowing a court "to judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." ; *see also e.g., Ashipa v. Warden, Chillicothe Corr. Inst.*, 2009 WL 3152840, *3 (S.D. Ohio Sept. 30, 2009) (taking judicial notice of online docket records available to the public through the internet).

> **Supporting Facts**: After remand and even at trial, no drugs were entered into evidence [ ] to support conviction and MDO which requires 100 grams or more to be proven. Even any evidence that was had was deemed unconst and removed from consideration conviction not MDO can stand without any [dr]ugs as the presence of some drugs is an essential element of the charges and especially MDO[.] The state court of appeals, in its decision specifically said that any determination made to the amount of drugs involved would be pure speculation but did not apply federal law and reverse the MDO which requires over 100 grams be proven [ ] thus this petitioner's conviction and present incarceration is a viol[]ation of federal law and must be reversed.

Doc. 1, pp. 6-7. In his Amended Petition, Kiser indicates that Ground One is exhausted. In his notice of exhaustion of state remedies, Kiser refers to the filing of an App. R. 26(B) application, raising a double jeopardy claim based on an unlawful resentencing and ineffective assistance of counsel. Doc. 9. Neither of these claims was raised as a ground for relief in Kiser's Amended Petition. Therefore, these claims and arguments are not properly before this Court and are not addressed herein.

### III. Law and Analysis

#### A. Standard of review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

11

664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### B. Ground One

Kiser argues that the evidence was insufficient evidence to support his conviction and the MDO specification. Doc. 1, pp. 6.

In reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Under this standard, deference is due the jury's determination. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The focus is not whether the trier of fact made the correct guilt or innocence determination but, rather, whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, in making a determination as to sufficiency of the evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003). "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence").

On federal habeas review, an additional layer of deference applies. *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S.Ct. 2060, 182 L.Ed.2d 978 (2012) (reaffirming that sufficiency of the evidence claims under *Jackson* "face a high bar in federal habeas proceedings because they are

12

subject to two layers of judicial deference"). Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205 (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original)*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

As he did before the state court, Kiser argues that because no drugs were entered into evidence there was no evidence to find him guilty of the MDO specification that required proof of over 100 grams. Doc. 1, p. 6. After the Supreme Court of Ohio reversed and remanded the Sixth District Court of Appeals' second decision reversing the judgment of the trial court, the court of appeals addressed Kiser's sufficiency claim on the merits, stating:

> {¶ 17} In light of the Ohio Supreme Court's decision and remand, we now reexamine appellant's argument that the jury's finding regarding the major drug offender specification was based on insufficient evidence.
>
> {¶ 18} When reviewing a claim that the conviction is based on insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).
>
> {¶ 19} In this case, appellant was found to be a major drug offender under R.C. 2925.03(C)(4)(g), which provides,
>
>> If the drug involved in the violation is cocaine or a compound, mixture, preparation or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows: * * * (g) If the amount of the drug involved equals or exceeds one hundred grams of cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

13

> {¶ 20} Here, the testimony established that C.P. and appellant had a conversation wherein appellant indicated that he could get cocaine for C.P. They then discussed a price for the cocaine. C.P. and T.K. later arrived at appellant's apartment to complete the sale, at which time appellant presented a bag of a white, powdery substance that weighed between 140 and 150 grams. Analogous to *Garr*, because appellant offered to sell cocaine, and produced a substance weighing over 100 grams, we hold that a rational trier of fact could have found the essential elements under R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt. Therefore, we hold that the jury's finding that appellant is a major drug offender under R.C. 2925.03(C)(4)(g) is not based on insufficient evidence.
> {¶ 21} Accordingly, appellant's assignment of error is not well-taken.

*Kiser*, 2017-Ohio-7799, ¶¶ 17-21; *see also* Doc. 6-1, pp. 199-200.

In his Traverse, Kiser argues that many factors support his claim that there was insufficient evidence to convict him of trafficking with the MDO specification, arguing that (1) the investigation was conducted by a detective now in prison for falsifying evidence, making Kiser's conviction in this case highly suspect; (2) there were no drugs to support any trafficking in cocaine and non-existent drugs cannot exceed 100 grams; (3) there was nothing to weigh; (4) state court of appeals specifically held that "based on the facts that ANY determination as to the amount of drugs involved in this case would be "PURE SPECULATION"; (5) there was no testing of any drugs; (6) an MDO cannot stand without an underlying conviction; and (6) trafficking in cocaine requires cocaine as an essential element. Doc. 8-1, pp. 3-4 (emphasis in Kiser's Traverse).

Kiser's argument that his conviction is not supported by sufficient evidence because the detective who was involved in convicting him is in prison for falsifying evidence is premised on evidence outside the record and therefore misplaced. As explained in *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. In reaching this conclusion, the Supreme Court explained that, "Section 2254(d)(1)refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was

contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court." *Id.* at 181-182.

Kiser's reliance upon statements made by the state court of appeals, i.e., that the determination of the amount of drugs would be pure speculation, is also misplaced. That statement was made in a decision that was subsequently reversed by the Supreme Court of Ohio and it was premised on cases that the court of appeals subsequently acknowledged were also reversed by the Supreme Court of Ohio. Prior to analyzing whether there was sufficient evidence to convict Kiser of the MDO specification, the court of appeals explained that the line of cases it had relied upon when reversing the trial court's judgment following the second trial had been reversed by the Supreme Court of Ohio. Doc. 6-1, p. 198. More particularly, the court stated:

> {¶ 15} In our original decision, we held that, unlike *Garr*, this was not a properly proven case. Because our holdings in *Gonzales* and *Sanchez* required that the amount of actual cocaine exceed the statutory threshold, and there was no testimony regarding the purity of the cocaine or the typical percentage composition of purchased cocaine, we concluded that the jury's finding that the amount of the purported drug in question exceeded 100 grams was pure speculation and was not supported by sufficient evidence. Therefore, we reversed and vacated the major drug offender specification.
>
> {¶ 16} The state appealed this court's decision to the Supreme Court of Ohio, which accepted the case for review. The Supreme Court of Ohio then reversed, and remanded the matter to our court for application of its decision in *State v. Gonzales*, Slip Opinion No. 2017–Ohio–777. In *Gonzales*, the Ohio Supreme Court, on reconsideration, reversed our decision in *State v. Gonzales*, 6th Dist. Wood No. WD–13–086, 2015–Ohio–461, and held that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug."[2]
>
> > FN 2 - Notably, the Supreme Court of Ohio affirmed our decision in *State v. Sanchez*, 2016–Ohio–542, 59 N.E.3d 719 (6th Dist.). *State v. Sanchez*,

15

> Slip Opinion No. 2016–Ohio–8470. However, unlike *Gonzales*, the Ohio Supreme Court did not reconsider its decision in *Sanchez*. Nevertheless, the Ohio Supreme Court affirmed *Sanchez* on the authority of its initial decision in *Gonzales*, thus we recognize that the Ohio Supreme Court implicitly reversed its decision in *Sanchez* when it reconsidered and reversed its decision in *Gonzales*.

*Kiser*, 2017-Ohio-7799, ¶¶ 15-16; *see also* Doc. 6-1, p. 198. Since the court of appeals' "pure speculation" statement was made in light of legal authority later reversed and was also made in a decision that itself was later reversed, Kiser's reliance upon that statement to demonstrate that the court of appeals' later sufficiency determination was not reasonable is unavailing.

Kiser's sufficiency argument on appeal from the second trial pertained to the jury's finding that he was an MDO. Doc. 6-1, p. 163, ¶ 12 ("appellant argues that the testimony . . . was insufficient to support the jury's finding that appellant was a major drug offender . . .); *see also* Doc. 6-1, pp. 145-146, 157 (appellate briefs, arguing error based on no evidence as to the weight of the substance). Here, however, Kiser appears to challenge not only the MDO specification conviction but also the underlying trafficking conviction on the basis that there were no drugs admitted. Even if Kiser's challenge to the underlying trafficking conviction was fairly presented and exhausted in state court such that it is properly before this Court, his claim that, because there were no drugs admitted into evidence, he could not be found guilty of offering to sell drugs or the MDO specification, is a challenge to the state court of appeals' interpretation and application of state law. However, federal habeas courts are bound by a state court's interpretation of state law and alleged errors or violations of state law are not for this federal habeas Court's review. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes and rules of

16

practice."). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) (internal citations omitted).

Moreover, while Kiser continues to argue that the lack of actual weighing of the substance requires a finding that there was insufficient evidence upon which to convict him, the court of appeals found otherwise. It determined that the evidence was not insufficient to support the MDO specification, stating:

> {20} Here, the testimony established that C.P. and appellant had a conversation wherein appellant indicated that he could get cocaine for C.P. They then discussed a price for the cocaine. C.P. and T.K. later arrived at appellant's apartment to complete the sale, at which time appellant presented a bag of a white, powdery substance that weighed between 140 and 150 grams. Analogous to *Garr*, because appellant offered to sell cocaine, and produced a substance weighing over 100 grams, we hold that a rational trier of fact could have found the essential elements under R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt.

*Kiser*, 2017-Ohio-7799, ¶ 20; *see also* Doc. 6-1, p. 200.

As discussed above, on federal habeas review, two layers of deference apply. Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205 (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original)*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). Kiser has not shown that the state court of appeals unreasonably concluded that there was sufficient evidence to support his conviction. Nor has he shown that the state court of appeals' sufficiency determination was contrary to or an unreasonable application of clearly established federal law, as required under AEDPA.

17

## V. Recommendation

Based on the foregoing, the undersigned recommends that the Court **DISMISS** and/or **DENY** Kiser's Amended Petition because it presents claims that are not cognizable and/or are without merit.

Dated: November 3, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).